IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEWEY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 123-040 |
| ) | |
| THE STATE OF GEORGIA; ) | |
| JUDGE SHELLY JOLLY; REX MYERS; ) | |
| and INMAN WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Valdosta State Prison in Valdosta, Georgia, filed the above-captioned case by submitting a standard 42 U.S.C. § 1983 complaint form.

## I.   PROCEDURAL HISTORY

Upon initial review of Plaintiff's filing, the Court was unable to determine whether he is attempting to assert a civil rights claim pursuant to § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In an Order dated April 14, 2023, the Court explained to Plaintiff the difference between a § 1983 complaint and a petition for habeas corpus relief and instructed him that he must make a selection as to which type of case he intended to bring. (See doc. no. 3.)

The Court also instructed the Clerk to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of the April 14th Order. (Id. at 2-3.) The Court directed

Plaintiff to make his selection as to a civil rights or habeas corpus case by returning the appropriate form of the two provided by the Clerk. (Id. at 2.) The Court cautioned Plaintiff he should submit only one form in response to the Order and that his failure to comply with the terms of the April 14th Order within fourteen days may result in a recommendation that this case be dismissed.[1] (Id. at 3.)

On May 1, 2023, in violation of the Court's Order, Plaintiff completed and returned a § 1983 complaint and a § 2254 habeas petition, both complaining of issues with his 2019 trial and conviction in Richmond County Superior Court. (See doc. nos. 4, 5.) Plaintiff also submitted a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 6.) Next, on May 8, 2023, Plaintiff returned an unsigned, third § 1983 complaint naming the same Defendants but asserting completely unique claims for deliberate indifference at Valdosta State Prison. (Doc. no. 11.) Plaintiff additionally has submitted several miscellaneous filings, including a "Last Will and Statement", a "Motion For a Change of Venue" citing the Bible to request another Judge handle his case, and a "Motion for a Fast and Speedy Trial," asking to be granted the trial the state "swindled [him] out of." (See doc. nos. 7-2, 8, 9.) Last, Plaintiff filed another IFP motion, which he left completely blank save for the caption. (Doc. no. 10.)

II.  **DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

---

[1] The Court also explained that because it was unclear whether Plaintiff intended to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Plaintiff, through his IFP motion, was contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint. (Doc. no. 3, p. 2.) Regardless, the Court directed Plaintiff to file a new IFP motion as he left blank most answers on his initial motion. (Id. at 1.)

with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Plaintiff to respond with only one of the provided forms to indicate whether he sought to pursue a civil rights case or seek habeas relief. The Court warned him if he wanted to proceed with both, he must proceed with two separate cases, including submission of two separate IFP motions or filing fees. (Id. at 3, n.1.) The Court also warned him failure to comply with the Court's Order would result in a recommendation for dismissal of this case. (See id. at 3.) By completing and returning both a habeas petition and two unique civil rights complaints, Plaintiff has defied the Court's Order and has made it impossible to know what type of relief he seeks from this Court.

Because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for his failure to comply with the Court's

Order. Dismissal for failure to comply with the Court's prior Order is appropriate. See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief).

Consequently, because he has failed to clarify his intent, the Court is unable to determine what filing fee is required of him. For that reason, and as this case is due to be dismissed, the IFP motions should be denied as moot. (Doc. nos. 6, 10.)

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motions to proceed IFP be **DENIED AS MOOT**, (doc. nos. 6, 10), his motion to change venue be **DENIED**, (doc. no. 9), his motion for a fast and speedy trial be **DENIED**, (doc. no. 7-2), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA